IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01114-PSF-OES

KENNETH L. KEIL,

Plaintiff,

v.

CITIGROUP, INC.,
SANFORD I. WELL, Chief Executive Officer of Citigroup, Inc.,
THOMAS F. FARRELL, FARRELL & SELDIN,
F. EUGENE WESTHAFER, SILVERMAN LAW FIRM, and
JOHN DOE (1-10),

Defendants.

## RECOMMENDATION FOR DENIAL
## OF MOTION FOR RELIEF FROM JUDGMENT

**Entered by O. Edward Schlatter, United States Magistrate Judge**

### INTRODUCTION

Under the Order of Reference to United States Magistrate Judge issued in this matter pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b), this case has been referred to me for purposes of ruling on nondispositive issues and making recommendations on any dispositive matters of this lawsuit. Pending before me for recommendation is plaintiff's Motion For Relief From Judgment Award And Billing Of Costs To Defendants F. Eugene Westhafer And Silverman Law Firm ("defendants").

The plaintiff's rights to seek review or reconsideration of this Recommendation, by filing objections within ten days, are attached hereto, and are entitled "Advisement Under

Fed. R. Civ. P. 72."

## BACKGROUND

On April 18, 2005, the Honorable Phillip S. Figa, District Court Judge, entered his Order Accepting and Adopting Recommendation of United States Magistrate Judge ("Order"), dismissing the plaintiff's action with prejudice, and Judgment was entered the following day. See Dockets #66 and #67. In his Order, Judge Figa awarded the defendants their costs, but not attorney's fees. Judge Figa further ordered that the plaintiff and the defendants' attorneys confer and attempt to reach agreement about the amount of those costs; if they could not reach an agreement regarding costs before May 13, 2005, the attorneys had leave of court to file a motion to determine costs.

An agreement regarding the costs was not reached, and on May 18, 2005, counsel for the defendants filed a Motion For Determination Of Costs ("Motion on Costs"). Attached to the Motion on Costs was defense counsel's letter of May 2, 2005, to plaintiff which asked him to agree by May 9, 2005, to pay the defendants' costs in the sum of $2,954.80 or to offer what other amount of costs plaintiff was willing to agree should be awarded to the attorneys. Plaintiff had rejected the offer, and made no counter offer. A hearing on the Motion on Costs was scheduled and notice given by defendants to the plaintiff. Plaintiff responded to the notice by arguing that the proceedings his bankruptcy case caused the matter to be a moot point.

A hearing on the Motion for Costs was held on June 29, 2005, and costs were taxed against the plaintiff in the sum of $1,146.86. On July 5, 2005, plaintiff filed his current motion which seeks relief from the Order and Judgment of this court, pursuant to

Fed.R.Civ.P. 60, for the costs which were awarded under Fed.R.Civ.P. 54(d). By this

motion, plaintiff argues that his bankruptcy relieves him of the award of costs which have taxed against him. Defendants have responded in opposition to the motion.

## DISCUSSION

The Tenth Circuit has consistently noted that relief under Rule 60(b) is warranted only in exceptional circumstances. See, e.g., Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1147 (10th Cir. 1990). The decision to "vacate judgment under Rule 60(b) is left almost entirely up to the discretion of the trial court." Greenwood Exploration, Ltd. v. Merit Gas and Oil Corp., Inc., 837 F.2d 423, 426 (10th Cir. 1988). The burden is on the party seeking relief from judgment to demonstrate that relief should be granted. See, generally, Pelican, 893 F.2d at 1147; Wilkin v. Sunbeam Corp., 466 F.2d 714, 717 (10th Cir. 1972); Abel v. Tinsley, 338 F.2d 514, 516 (10th Cir. 1964).

Viewing the matter at hand under the provisions of Rule 60(b), two issues arise: (1) whether this court could order judgment against the plaintiff awarding costs to the defendants, when the plaintiff had filed bankruptcy prior to the entry of judgment, and (2) whether the debt for costs owing to the defendants under the judgment was discharged in plaintiff's bankruptcy. Based on the record herein, I find that the judgment of this court was properly issued, but the question of whether the debt was discharged is within the province of the Bankruptcy Court.

Bankruptcy Court records demonstrate that the plaintiff disclosed the existence of

this lawsuit in the filing denominated as his Statement Of Financial Affairs and Schedule Of Assets And Liabilities which was filed with the Bankruptcy Court on February 18, 2005.[1] See In re Kiel, Case No. 05-11729-MER, Docket #8 (Bankr.D.Colo. 2005).  Accordingly, plaintiff's claims in this lawsuit were then considered the property of the bankruptcy estate. See 11 U.S.C. § 541(a) (property of bankruptcy estate includes all potential causes of action that exist at the time petitioner files for bankruptcy).

However, on March 20, 2005, the Trustee filed his No Asset Report and in that document indicates "that any nonexempt real or personal property listed by the Debtor [plaintiff] under 11 U.S.C. Section 521(1) has not been administered, and it has no realizable value." Id. [no docket entry number].  Plaintiff's claims in this lawsuit have never been listed or considered as exempt personal property, and there is no authority which provides that this lawsuit could have been.  As specifically demonstrated by plaintiff's Amended Statement Of Financial Affairs and Schedule Of Assets And Liabilities, filed on May 9, 2005, this lawsuit is nonexempt personal property.  See In re Kiel, Case No. 05-11729-MER, at Docket #12.  Therefore, as of the filing of the No Asset Report, the Trustee had effectively abandoned this lawsuit under 11 U.S.C. § 554.  When the Trustee abandoned the claims of this suit, this lawsuit reverted to the plaintiff as if he had never filed for bankruptcy protection. *Cf.* Williams v. United Technologies Carrier Corp., 310 F.Supp.2d 1002 (S.D.Ind. 2004) (plaintiff's Title VII claims became property of his

---

[1]This court may take judicial notice of court documents and matters of public record. See, e.g., Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996); Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994); see, also, Southmark Prime Plus, L.P. v. Falzone, 776 F.Supp. 888, 892 (D.Del. 1991).

bankruptcy estate at the time of his bankruptcy filing, depriving him of standing to pursue them, however, he regained standing when the trustee abandoned the claim in the same manner as if he had never filed for bankruptcy). In fact, it was the plaintiff who moved for dismissal of this lawsuit against the defendants on April 1, 2005, and not the Trustee on behalf of the bankruptcy estate. The Trustee was never substituted or joined under Fed.R.Civ.P. 25(c), because this lawsuit was not administered as property of the bankruptcy estate and abandoned to the plaintiff.

Because this lawsuit was nonexempt personal property which the Trustee had abandoned on March 10, 2005, it reverted to the plaintiff and this court was well within its authority in entering its Order and Judgment against the plaintiff in April, 2005, awarding costs against him pursuant to Fed.R.Civ.P. 54(d). The Bankruptcy Court's Order Accepting Trustee's Report And Closing Case, entered on July 1, 2005, establishes that the nonexempt property listed by the plaintiff in his bankruptcy proceedings, to include this lawsuit, was abandoned to the plaintiff. See In re Kiel, Case No. 05-11729-MER [no docket number] (Bankr.D.Colo. 2005). Plaintiff has provided no authority or evidence or well-pled facts to demonstrate that the Order or Judgment in this case was somehow released or discharged by the Bankruptcy Court.

Construing plaintiff's motion as a request for review of the Clerk's taxation of costs under Fed.R.Civ.P. 54(d)(1), the plaintiff's motion still fails. First, plaintiff argues that the defendants failed to comply with Fed.R.Civ.P. 54(d)(2)(A and B). However, Rule 54(d)(2)(A and B) is not applicable in this case. The record establishes that only the defendants costs for exemplification and copies, and for costs incident to taking of

deposition, were allowed by the Clerk. See Docket #77. Pursuant to 28 U.S.C. § 1920, these type of costs are allowed as a matter of course and taxable by the Clerk pursuant to Fed.R.Civ.P. 54(d)(1). Once the Clerk has made his decision regarding the taxation of costs, "the party objecting to the clerk's taxation has the burden of persuading the court that it was improper." 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2679 (3d ed. 1998); BDT Prods., Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 420 (6th Cir. 2005).

When a deposition was reasonably necessary to the litigation, the resulting costs are generally allowable. Ramos v. Lamm, 713 F.2d 546, 560 (10th Cir. 1983), *overruled on other grounds*, Pennsylvania v. Del. Valley Citizens' Council For Clean Air, 483 U.S. 711, 725 (1987). A deposition was reasonably necessary to the litigation if the court considered the deposition testimony in deciding a dispositive motion. Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir. 1997). Here, deposition testimony was considered by the court in the determination of a dispositive motion, as evidenced in the Recommendation For Dismissal filed on March 21, 2005. See Docket #60.

Generally, the taxation of costs of copies is discretionary with the court, and depends on the facts of each case. See Delaware Val. Marine Supply Co. v. American Tobacco Co., 199 F.Supp 560, 562 (D.C.Pa. 1960). In this case, the amount of copying costs requested by the defendants was taxed by the clerk at $561.06. Plaintiff has provided no evidence or well-pled facts or facts from which it can be inferred that this cost was unnecessarily incurred or unjustified. In light of the progress of this case, there is no basis for finding that the clerk's taxation of this cost was anything but reasonable and

substantiated.  Accordingly, the clerk's taxation of defendants' costs in this regard should be affirmed.

The issue of whether the debt for costs owing to the defendants under this court's Order and Judgment were dischargeable and/or discharged in plaintiff's bankruptcy proceedings, and specifically the issues of the adequacy of notice to the defendants as creditors which they raise in their response to plaintiff's motion, are basically collection issues and fall under the jurisdiction of the Bankruptcy Court.  See 11 U.S.C. § 350(b). Plaintiff has provided no basis, legal or otherwise, for a finding that these issues would provide grounds under Rule 60(b) for relief from this court's Order or Judgment or for reviewing the Bill Of Costs under Rule 54(d)(1).  While the court must construe any filings by the plaintiff liberally, based upon his *pro se* status, it cannot become his advocate and hunt through the record for arguments or information to support his position.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff has presented no evidence or argument in his motion, nor is there any evident from entire record herein, from which the court can find that he is entitled to relief. Therefore, plaintiff has failed to meet his burden in obtaining relief from this court's Order or Judgment pursuant to Fed.R.Civ.P. 60(b) or the Bill Of Costs under Fed.R.Civ.P. 54(d)(1).  Accordingly, his motion should be denied.

## **CONCLUSION**

Based on the foregoing, and the entire record herein, it is hereby **RECOMMENDED** that plaintiff's Motion For Relief From Judgment Award And Billing Of Costs To Defendants F. Eugene Westhafer And Silverman Law Firm [Filed July 5, 2005; Docket #78] be **DENIED**.

Dated at Denver, Colorado, this 18th day of August, 2005.

BY THE COURT:

s/O. Edward Schlatter
O. Edward Schlatter
United States Magistrate Judge

**ADVISEMENT UNDER FED. R. CIV. P. 72**

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).