IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-01114-PSF-OES

KENNETH L. KEIL,

    Plaintiff,

v.

CITIGROUP, INC.;
SANFORD I. WEILL, Chief Executive Officer of Citigroup, Inc.;
THOMAS F. FARRELL;
FARRELL & SELDIN;
F. EUGENE WESTHAFER;
SILVERMAN LAW FIRM;
JOHN DOE (1-10),

    Defendants.

## ORDER ACCEPTING AND ADOPTING
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

    THIS MATTER is before the Court on the Recommendation for Denial of Motion for Relief from Judgment (Dkt. # 81) of United States Magistrate Judge, filed August 18, 2005. In his Recommendation, the Magistrate Judge recommends that Plaintiff Kenneth L. Keil's Motion for Relief be denied for failure to present evidence showing that Mr. Keil is entitled to relief from this Court's order pursuant to F.R.Civ.P. 60(b) or the Bill of Costs under F.R.Civ.P. 54(d)(1). On August 29, 2005, Mr. Keil, appearing *pro se*, filed an Objection to the Magistrate Judge's Recommendation for Denial of Motion for Relief From Judgment and Motion to Alter Recommendation (Dkt. # 84).

    Mr. Keil apparently agrees with the Magistrate Judge's Recommendation in significant measure. Mr. Keil's Objection takes the position that the "Honorable

Magistrate [Judge] very accurately stated . . . that 'The issue of whether the debt for costs . . . were dischargeable and/or discharged in plaintiff's bankruptcy proceedings . . . [is] basically [a] collection issue[] and fall[s] under the jurisdiction of the Bankruptcy Court.'" Pl.'s Objection at 2 (quoting Recomm. at 7).  Mr. Keil argues that because "the costs awarded to Defendants . . . were discharged as debts" in Mr. Keil's bankruptcy proceeding, the defendants should not be allowed to "use this Court to collect on a debt that has been discharged," as defendants "failed to properly respond to the issue . . . in the U.S. Bankruptcy Court."  *Id.* at 3.

The Objection does not explain, however, why claimed bankruptcy court jurisdiction of the defendants' debts justifies Mr. Keil's relief from judgment under F.R.Civ.P. 60(b).  The Magistrate Judge's Recommendation notes that Mr. Keil "has provided no authority or evidence or well-pled facts to demonstrate that the Order or Judgment in this case was somehow released or discharged by the Bankruptcy Court."  Recomm. at 5.  While discharge of Mr. Keil's debts in bankruptcy may "prohibit[] any attempt to collect from" him other than perhaps through the Bankruptcy Court, Pl.'s Motion for Relief at 10, discharge neither nullifies this Court's Order and Judgment nor justifies relief from judgment under F.R.Civ.P. 60(b), which is granted only in exceptional circumstances.  *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) *cert. denied*, 506 U.S. 828 (1992) (relief under Rule 60(b) warranted only in exceptional circumstances); *see also Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp., Inc.*, 837 F.2d 423, 426 (10th Cir. 1988) (relief under Rule 60(b) is "almost entirely up to the discretion of the trial court").  Rule 60(b) itself contains no explicit

bankruptcy discharge basis for relief. Perhaps the bankruptcy court will provide plaintiff the protection he seeks from the imposition of litigation costs. This Court will not.

Mr. Keil's Objection also raises, for the first time, a request for relief pursuant to F.R.Civ.P. 59(e). Pl.'s Objection at 3. However, a motion to alter or amend the judgment pursuant to F.R.Civ.P. 59(e) must be filed within ten days of the district court's judgment, otherwise it will be construed as a motion for relief from judgment pursuant to F.R.Civ.P. 60(b). *See Van Skiver*, 952 F.2d at 1243. Neither Mr. Keil's Motion for Relief from Judgment, filed July 5, 2005, nor his Objection raising the Rule 59(e) issue, filed August 29, 2005, were filed within ten days of the Court's Order and Judgment, entered April 18, 2005. Therefore, F.R.Civ.P. 59(e) does not provide a proper basis upon which Mr. Keil may seek relief.

Mr. Keil's Objection states that he "is not going to argue the taxation of costs." Pl.'s Objection at 2. Despite the plaintiff's position, the Court has reviewed *de novo* the entire record as to whether allowable costs have been properly calculated. Based on this review, the Court concludes that there has been no error committed by either the Clerk's Office or the Magistrate Judge.

Accordingly, it is

ORDERED as follows:

1. The Court accepts and adopts the Recommendation for Denial of Motion for Relief From Judgment (Dkt. # 81);

2. Plaintiff's Motion for Relief From Judgment Award and Billing of Costs to Defendants F. Eugene Westhafer and Silverman Law Firm (Dkt. # 78) is DENIED.

3. Defendants F. Eugene Westhafer and Silverman Law Firm are awarded their costs of $1,146.86 against plaintiff as taxed on June 29, 2005.

DATED: October 11, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge